IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN RAY ALEXANDER,               )
                                    )
            Petitioner,             )
                                    )
                                    )         CIV-14-36-M
v.                                  )
                                    )
TRACY MCCOLLUM, WARDEN,             )
                                    )
            Respondent.             )

## REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the
undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.
§636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules
Governing Section 2254 Cases in the United States District Courts.[1]  For the following
reasons, it is recommended that the Petition be denied.

Petitioner is an Oklahoma state prisoner incarcerated at the Oklahoma State
Reformatory serving a sentence for a felony offense subject to Oklahoma's "85%" rule
pursuant to Okla. Stat. tit. 21, § 13.1.  Because his offense is classified as falling within the
"85%" rule, Petitioner is "not . . . eligible for earned credits or any other type of credits

---

[1]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas
Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 13.1.

Petitioner filed this § 2241 action seeking this Court's "interpretation" of Okla. Stat. tit. 21, § 13.1 in a manner that would render him eligible for sentence credits "so long as the credits do not have the effect of reducing his sentence below 85% of the sentence imposed." Petition, at 4. Petitioner also contends that Okla. Stat. tit. 21, § 13.1 is "unconstitutionally vague in violation of the Fifth and Fourteenth Amendments to the United States Constitution." Id.

Inmates have no constitutionally protected interest in the opportunity to earn discretionary sentence credits. Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006); Searcy v. Simmons, 299 F.3d 1220, 1226 (10th Cir. 2002). Indeed, Petitioner has no constitutionally protected right to be released prior to the expiration of his sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). In Fogle, the court determined that where the credits the inmate sought were "discretionarily awarded, 'the defendants have not deprived Fogle of any earned time to which he was *entitled*' and thus no liberty interest is involved." Fogle. 435 F.3d at 1262 (quoting Templeman v. Gunter, 16 F.3d 367, 370 (10th Cir. 1994)(brackets omitted).

Petitioner has not shown that he has been deprived of mandatory earned time credits that would implicate a liberty interest or even that his credit earning classification has been mandatorily demoted. Although he alleges he is seeking a ruling on the constitutionality of Okla. Stat. tit. 21, § 13.1, Petitioner has not alleged any constitutional deprivation.

2

Petitioner's conviction for first degree burglary clearly renders him ineligible for consideration for parole until he has served 85% of his sentence. Okla. Stat. tit. 21, § 13.1. Because he is serving an 85% sentence, "he cannot earn good time credits until he has served 85% of his sentence." Harrison v. Morton, 490 Fed.Appx. 988, 990 (10th Cir. 2012). He therefore has no liberty interest in earning good-time credits until he has served 85% of his sentence. Id. (inmate serving 85% sentence has no protected liberty interest implicated in disciplinary proceedings due to his ineligibility to receive earned credits); Marshall v. Morton, 421 Fed.Appx. 832, 837-38 (10th Cir. 2011)(same).

Additionally, Petitioner's state law claims are "not cognizable in a federal habeas action." Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Accord, Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002)("A habeas petitioner is only entitled to relief . . . for alleged violations of federal law, not for errors of state law.").

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 5th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first

time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____16th____ day of ___January___, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE